No. 2023-118

# United States Court of Appeals for the Federal Circuit

In Re

PATENT QUALITY ASSURANCE LLC,

*Petitioner.*

*On Petition for a Writ of Mandamus to the Director of the United States Patent and Trademark Office in Case No. IPR2021-01229.*

**PETITIONER'S RESPONSE IN OPPOSITION TO THE DIRECTOR'S MOTION TO EXTEND DEADLINE**

        Brian C. Banner
           *Principal Attorney*
        Truman H. Fenton
        SLAYDEN GRUBERT BEARD PLLC
        401 Congress Avenue, Suite 1650
        Austin, TX  78701
        (512) 402-3552

## I. INTRODUCTION

Petitioner PQA respectfully opposes the Director's request. A party seeking an extension must show good cause. Fed. Cir. R. 26(b)(3). "'Good cause' is an equitable term, and must be determined in light of all the circumstances, with due attention to the interest of justice." *Huston v. Ladner*, 973 F.2d 1564, 1571 (Fed. Cir. 1992); *accord Sec. Tr. Co. v. Black River Nat. Bank of Lowville*, 187 U.S. 211, 237 (1902) (good cause showing for "extension of time" is equitable relief). The Director's unreasonably long extension request should be denied in light of the equities and the circumstances here: (1) the request is unreasonably long in view of the urgency of the petition and the ongoing harm to PQA, (2) the issues presented to this Court are narrowly focused on core statutes and regulations underpinning every IPR, (3) the Director has been on notice of most of the issues presented for over six months, (4) the Director's conclusory affidavit does not show good cause, and (5) the Director's reference to a "pending request for rehearing" confirms the need for swift resolution of the petition on the merits rather than a lengthy delay.

## II. ADDITIONAL RELEVANT FACTS

When PQA filed the Petition with this Court on January 24, there was a pending order in the underlying Director review proceeding that PQA "'may submit' a ten-page paper in response to the 60-page Sanctions Order, due in seven days." Pet. at 5. On January 25, PQA responded to the pending order explaining that "[a]s

1

an unlawfully dismissed party no longer subject to the Office's jurisdiction, PQA respectfully declines further participation until the Federal Circuit has an opportunity to rule on the issues raised in PQA's mandamus petition." *Patent Quality Assurance, LLC v. VLSI Tech., LLC*, IPR2021-01229, Paper 107, 1 (Jan. 25, 2023).[1] Later that same day, the Director filed its motion in this Court seeking a 21-day extension. Mot. at 1.

Two days later (January 27), the Director issued another order in the underlying IPR proceeding.[2] *Patent Quality Assurance, LLC v. VLSI Tech., LLC*, IPR2021-01229, Paper 108 (Jan. 27, 2023).[3] In this new order, the Director re-instated PQA as a party so that "PQA cannot avoid possible sanctions through continued non-participation." *Id.* at 4. The Director also ordered newly reinstated PQA "to file its response to my Order (Paper 106)"—***giving PQA just five days*** to do so (due February 1). *Id.* The Director also lifted the stay of the underlying proceeding but, at the same time, confusingly "adjusted" the time period for a final

---

[1] A true and correct copy is attached hereto as Exhibit 1.

[2] PQA reserves the right to address the unlawfulness of this order in its reply in support of its Petition.

[3] A true and correct copy is attached hereto as Exhibit 2.

determination without setting a new due date.[4] *Id.* at 4–5. The Director did not lift the unlawfully imposed adverse inference sanctions. *See generally, id.*

The statutory deadline for the final written decision was January 27. The Board has not yet issued the final written decision.

## III. ARGUMENT

### A. The request is unreasonably long in view of the urgency of the petition and the ongoing harm to PQA

Petitioner petitioned this Court to vacate the Director's ultra vires orders and unlawful sanctions against Petitioner and to prevent further unlawful action by the Director. Pet. at 16–19. The Director failed to even acknowledge Petitioner's continuing harm when asking to **quadruple** her time to respond. Time is of the essence: the statutory deadline for a final written decision was three days ago on January 27, 2023, and that deadline came and went without a final written decision and with no explanation of why the statutory deadline was not met.[5] As PQA explained in its Petition, further agency proceedings are futile because the Director has already ruled against PQA on the issues presented in the Petition and refuses to

---

[4] As noted in PQA's petition, the Director lacks the authority to adjust the deadline at all, must less indefinitely. Pet. at 32–33.

[5] Along with the OpenSky IPR mentioned in Petitioner's petition (Pet. at 7 n.10), these may be the first IPR proceedings since the AIA became law in 2011 where the final written decision did not timely issue. The circumstances here are urgent and extraordinary.

3

fully withdraw her unlawful sanctions issued without the notice required by existing regulations. The Director's sanctions are based almost exclusively on adverse inferences resulting from PQA's alleged non-compliance with an ultra vires discovery order unlawfully issued sua sponte by the Director under the label of "reviewing" the panel's institution decision.

### B. The issues presented to this Court are narrowly focused on core statutes and regulations underpinning every IPR

The issues presented to this Court are narrowly focused on the application (or lack thereof) of a handful of core statutes and regulations underpinning every IPR and providing (and limiting) the Director's authority. The Director and her counsel should not need 28 days to point this Court to the statutory and regulatory authority on which the Director's unprecedented actions in the underlying proceeding were based.

### C. The Director was briefed on and has ruled on most of the issues presented to this Court

The length of the Director's requested extension is unreasonable because the Director has been on notice of most of the arguments presented in the petition for over six months. The Director's Mandated Discovery order issued on July 7, 2022. Appx68. Petitioner objected to the Director's order as ultra vires in July 2022 (Appx121-122) and days later the Director noted but did not rule on those objections. Appx84. On August 4, 2022, Petitioner presented a more comprehensive set of

4

objections including a challenge to the entire Director review as an unauthorized "take over" of the IPR in violation of 35 U.S.C. § 6(c) and the lack of statutory and regulatory authority to issue the Mandated Discovery. Appx104-109. More than four months later on December 22, 2022, the Director overruled Petitioner's objections and simultaneously issued sanctions. Appx18-24. Despite being on notice that she imposed sanctions unlawfully, the Director has refused to fully withdraw them.

> **D. The Director's conclusory affidavit does not show good cause or extraordinary circumstances**

Under Rule 26(b) of the Federal Rules of Appellate Procedure and Federal Circuit Rule 26(b), the Director is required to show "good cause" for the requested extension and describe the "extraordinary circumstances." Here, the good cause analysis warrants a close look. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (consideration of prejudice to the nonmovant is appropriate in a good cause analysis under Fed. R. Civ. P. 16(b)). The Director makes no more than a conclusory statement that "the Office of the Solicitor, and undersigned counsel, currently have an unusually heavy workload." Mot., at 1. This is not "good cause." *See Joseph v. Hess Oil Virgin Islands Corp.*, 651 F.3d 348, 357 (3d Cir. 2011), *as amended* (Oct. 10, 2012) ("A busy schedule, by itself, is not good cause for more time." (citing *Miss. v. Turner*, 498 U.S. 1306, 1306)); *Addaday, Inc. v. Artist Intl. Co., Ltd*, Case No. 221-cv-05525, 2022 WL 16859853, at *2 (C.D. Cal. Aug. 18, 2022) (in the context of Fed. R. Civ. P. 16(b) "a party must provide specific

5

detailed, and non-conclusory reasons for granting the extension"); *U.S. v. Allen*, Case No. 16-cr-00169, 2022 WL 6156957, at *1 (D. Colo. Oct. 6, 2022) ("Mr. Allen's vague and conclusory reference to newly discovered facts and evidence does not demonstrate good cause for an extension of time.").[6]

The USPTO is a well-managed organization with access to evidence of its current workload across twenty-four attorneys in the Office of the Solicitor and its other internal counsel,[7] a comparison of that workload with other periods of time, and docketing information evidencing the urgency of those matters. But counsel presented only a conclusory statement of "heavy workload." Acceptance of such a thin showing would render the "good cause" requirement a nullity. For example, any party on appeal could simply allege a "heavy workload" without any supporting facts (e.g., deposition dates, trial dates, other oral arguments, etc.) when seeking

---

[6] Such conclusory statements would not even satisfy a "good cause" showing under the PTAB's own standards. *See Katherin, USA, Inc. V. Fractus, S.A.*, IPR2019-00947, Paper 16, at 3 (P.T.A.B. Aug. 1, 2019) (denying relief where the movant's assertion for relief under good cause standard was "entirely conclusory and not supported by a reasoned analysis"); *Great West Casualty Co. V. Intellectual Ventures II LLC*, IPR2015-01706, Paper 60, at 3 (P.T.A.B. Aug. 6, 2019) ("As an initial matter, this is a conclusory assertion. ... It essentially asks us to seal this information because the parties say so."); *One World Techs., Inc. V. Chevron (HK), Ltd.*, IPR2020-00884, Paper38, at 5 (P.T.A.B. May 13, 2021) ("conclusory approach is insufficient to support a finding [of] good cause" related to confidentiality designation).

[7] *See* https://www.uspto.gov/about-us/organizational-offices/office-general-counsel/office-solicitor.

extensions in this Court. *See Joseph*, 651 F.3d at 355 (collecting Supreme Court cases and concluding that party assertions that "can be raised in most any case" are insufficient to show good cause to extend certiorari deadline). Likewise, a heavy workload is also not an "extraordinary circumstance," but is instead a common condition for attorneys.

> **E.  The Director's reference to a "pending request for rehearing" confirms the need for swift resolution of the petition on the merits rather than a lengthy delay**

The Director argues for its extension in part because "PQA has a pending request for rehearing of the Sanctions Order that could alter the scope of the USPTO's response and the dispute before this Court." Mot. at 1. When the Director filed its motion, however, Petitioner PQA was terminated and not subject to jurisdiction of the Board or Director. Exhibit 1 at 1. Two days after PQA filed its Petition, the Director reinstated Petitioner PQA as a party to the IPR—not to actually lift any sanction, but for the express purpose of considering further sanctions including making PQA pay for VLSI's attorney fees. Exhibit 2 at 4. The Director's requested 21-day extension would force PQA to continue to participate in an unlawful process and, at the same time, potentially subject PQA to further sanctions of having to pay for VLSI's attorney fees during that 21-day extension of time.

The Director's refusal to lift all of the unlawfully imposed sanctions[8] is a loud and clear indication that any further requests by PQA are futile. Under these circumstances, this Court should not delay ruling on PQA's petition. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009) ("[The mandamus Petitioner], however, is not required to wait for the district court's decision on the motion for reconsideration because the district court clearly abused its discretion when deciding the original motion.").

These latest orders confirm the Director review is not following procedures founded in existing statutory or regulatory authority. The Director effectively denied Petitioner's rehearing request by leaving the unlawful sanctions in place. The Director's invitation to accept additional briefing and refusing to provide PQA an opportunity to show cause why specified sanctions should not be imposed *before* they are imposed. PQA still remains sanctioned without first having an opportunity show cause why the sanctions should not be imposed, then (if necessary) request rehearing of a reasoned sanctions decision informed by PQA's arguments against sanctions. Thus, mandamus is appropriate to order the Director to follow in-force statutes and regulations or to order the Director to withdraw all prior ultra vires orders and allow the FWD to issue post haste.

---

[8] The adverse inference sanctions imposed in Paper 101 have not been withdrawn.

## IV. CONCLUSION

For these reasons, Petitioner opposes the Director's request for a 21-day extension of its 7-day deadline and respectfully requests the Court maintain the deadlines set forth in its Order.

Dated: January 27, 2023                    Respectfully submitted,

/s/ *Brian C. Banner*

Brian C. Banner
    *Principal Attorney*
Truman H. Fenton
SLAYDEN, GRUBERT, BEARD PLLC
401 Congress Avenue, Suite 1650
Austin, TX 78701
(512) 502-3552
*Counsel for Petitioner*

## **CERTIFICATE OF SERVICE**

I hereby certify that electronically filed the foregoing document using the Court's CM/ECF system on January 27, 2023. Counsel for all parties have appeared and were served via CM/ECF on January 27, 2023.

Dated: January 27, 2023                    Respectfully submitted,

/s/ *Brian C. Banner*

*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d) and 32(g), the undersigned hereby certifies that this response complies with the type-volume limitation of Fed. Cir. R. 27(d).

1.  Exclusive of the exempted portions of the motion as provided by Fed. R. App. P. 27(d)(2) and 32(f), the response contains 1,968 words, or less than 5,200 words.

2.  This response was prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman. As permitted by Fed. R. App. P. 32(g), the undersigned relied upon the word count feature of Microsoft Word in preparing this certificate.

Dated: January 27, 2023                  Respectfully submitted,

                                         /s/ *Brian C. Banner*

                                         *Counsel for Petitioner*